[Cite as *State v. Hobby*, 2012-Ohio-2420.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 COA 41 |
| JASON R. HOBBY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                              Pleas, Case No.  11 CRI 39


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:         May 31, 2012


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

RAMONA FRANCESCONI ROGERS          DAVID R. STIMPERT
PROSECUTING ATTORNEY                      DAVID R. STIMPERT, ATTORNEY
EMILY M. BATES                                    AT LAW, LLC
ASSISTANT PROSECUTOR                      10 East Main Street
110 Cottage Street, Third Floor              Ashland, Ohio  44805
Ashland, Ohio  44805

*Wise, J.*

{¶1}   Appellant Jason R. Hobby appeals his sentence entered in the Ashland County Court of Common Pleas on one count of having weapons while under disability and one count of receiving stolen property following a guilty plea.

{¶2}   Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}   The undisputed facts and procedural history are as follows:

{¶4}    On March 21, 2011, Sergeant Tim Kitts of the Ashland County Sheriff's Office was dispatched to a residence on County Road 1175 in Ashland, Ohio, to investigate the theft of two Husqvarna chainsaws and one  22-caliber Marlin Magnum rifle from a garage.

{¶5}   An investigation into this theft and several other area thefts involving lawn equipment, conducted by Deputy Jason Martin of the Ashland County Sheriff's Office, revealed that the primary perpetrators of these thefts were Defendant-Appellant Jason R. Hobby and William Hickerson.

{¶6}   On April 28, 2011, a Court of Common Pleas of Ashland County, Ohio grand jury, charged Appellant with the following:  one count of Having Weapons While Under Disability, in violation of  R.C. 2923.13(A)(3), a felony of the third degree, one count of Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fourth degree, and  one count of Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fifth degree.

**{¶7}** Appellant subsequently entered pleas of not guilty to all three charges contained within the Indictment, and the trial court set the matter for trial on July 12, 2011.

**{¶8}** Prior to trial and while Appellant was released on bond, a confidential informant working with Detective Brian Evans and Sergeant Donald Garrison of the Ashland Police Department made two (2) controlled purchases of cocaine from Appellant.

**{¶9}** Shortly thereafter, on May 26, 2011, the Ashland County Grand Jury charged Appellant with two counts of Trafficking In Cocaine, in violation of R.C. 2925.03(A)(l), both fifth degree felonies.

**{¶10}** Appellant subsequently entered pleas of not guilty to these two additional charges, and the trial court set the matter for trial on August 9, 2011.

**{¶11}** On June 28, 2011, the State of Ohio, pursuant to Ohio Criminal Rule 13, filed a motion to join the two cases and all five charges brought against Appellant, as well as to continue the trial set for July 12, 2011.

**{¶12}** By Judgment Entry file July 12, 2011, the trial court granted the State's motion, ordered that the indictment issued in Case No. 11-CRI-039 be joined for trial with the indictment issued in Case No. 11-CRI-051, and scheduled the combined matter for trial on August 9, 2011.

**{¶13}** On August 1, 2011, pursuant to a plea agreement entered into with the State, Appellant agreed to the following: (1) with regards to Case No. 11-CRI-039, to enter pleas of guilty to Count One, Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree, and Count Three, Receiving Stolen

Property, in violation of Ohio Revised Code Section 2913.5l(A), a felony of the fifth degree; and (2) to pay restitution to all the victims of his thefts. (Change of Plea T. at 3-5; Judgment Entry, filed August 2, 2011).

{¶14} In exchange, the State agreed to dismiss all remaining charges in Case Nos. 11-CRI-039 and 11-CRI-051 against Appellant. (*Id.* at 4-5.)

{¶15} After explaining to Appellant the nature of the charges against him, the effect of a guilty plea, Appellant's constitutional rights, and the maximum penalty provided by law for Appellant's offenses, the trial court accepted Appellant's pleas of guilty and found Appellant guilty of the two remaining charges brought against him. (*Id.* at 7-8).

{¶16} At sentencing, the trial court, after considering the provisions of Ohio Revised Code Chapter 2929, the circumstances of the offenses committed, the information contained in the pre-sentence investigation, and the information furnished by the parties to the case, sentenced Appellant to the following: (1) as to Count One, Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree, three (3) years in prison and a fine of One Thousand Dollars ($1,000.00); (2) as to Count Three, Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fifth degree, twelve (12) months in prison and a fine of Five Hundred Dollars ($500.00), to be served consecutively to the sentence imposed for Count One. (Sent. T. at 9-12; Judgment Entry of Sentence, Sept. 28, 2011).

{¶17} The trial court further ordered that Appellant: (1) receive credit for the thirty-one (31) days Appellant spent in the Ashland County Jail; and (2) pay Four

Thousand Forty-Seven and 45/100 Dollars ($4,047.45) in restitution to the victims of his thefts. (*Id.* at 13).

{¶18} Appellant now appeals, assigning the following errors for review:

### ASSIGNMENTS OF ERROR

{¶19} "I. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF THE TRIAL COURT'S DISCRETION.

{¶20} "II. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES"

## I.

{¶21} In his First Assignment of Error, Appellant argues that the consecutive sentence in this matter was either contrary to law or an abuse of discretion. We disagree.

{¶22} Recently in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing. *See*, *State v. Snyder,* 5th Dist. No. 2008–CA–25, 2080–Ohio–6709, 2008 WL 5265826.

{¶23} In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to

make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, *See also*, *State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi,* 5th Dist. No. 2006–CA–41, 2006–Ohio–5823, 2006 WL 3185175.

**{¶24}** In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, *See also*, *State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi, supra*.

**{¶25}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13. *See also State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi, supra* at ¶ 29.

**{¶26}** "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when *initially* reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal

question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Kalish* at ¶ 14.

**{¶27}** Therefore, *Kalish* holds that, in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶ 4, *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶28}** The Supreme Court held, in *Kalish,* that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post-release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18.

**{¶29}** The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20.

**{¶30}** In the case *sub judice*, Appellant was convicted of Having Weapons While Under Disability, a felony of the third degree, and Receiving Stolen Property, a felony of the fifth degree. For a violation of a felony of the third degree, the potential sentence

that a court can impose is one, two, three, four or five years. For a violation of a felony of the fifth degree, the potential sentence that a court can impose is six, seven, eight, nine, ten, eleven, or twelve months.

{¶31} The trial court imposed a sentence of three (3) years in prison on the Having Weapons While Under Disability charge and twelve (12) months on the Receiving Stolen Property charge, to be served consecutively.

{¶32} Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Appellant regarding post-release control. (See September 28, 2011, Judgment Entry at 2). Therefore, the sentence is not clearly and convincingly contrary to law.

{¶33} Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi, supra* at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

{¶34} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. *See State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470; *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. *See Mathis,* at ¶ 36. In exercising its discretion, the trial court

must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." *Id.* at ¶ 37, 846 N.E.2d 1. Thus, post- *Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter,* 5th Dist. No.2006–CA–0025, 2006–Ohio–4061, 2006 WL 2257068; *State v. Delong,* 4th Dist. No. 05CA815, 2006–Ohio–2753, 2006 WL 2257068, ¶ 7–8. Therefore, post- *Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶35}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick* (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820, (4th Dist.);*State v. Gant,* 7th Dist. No. 04 MA 252, 2006–Ohio–1469, 2006 WL 771790, ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus,* 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992); *State v. Hughes,* 6th Dist. No. WD–05–024, 2005–Ohio–6405, 2005 WL 3254527, ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case).

**{¶36}** Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite

its reasons. *State v. Middleton,* 8th Dist. No. 51545, 1987 WL 5476 (Jan. 15, 1987). In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi, supra* at ¶ 52.

{¶37} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy,* 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist.1978). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States,* 478 F.2d 139, 147 (8th Cir.1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley, supra* at 143–145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate courts can reverse the sentence. *Woosley, supra* at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi, supra*.

{¶38} In the instant case, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of Appellant's

case to suggest that her sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶39}** Here, the trial court conducted a sentencing hearing in open court. The trial court considered the information provided by the parties; the fact that eight were different victims; the overriding purposes of felony sentencing; the statutory factors set forth in R.C. §2929.12 and §2929.13; the Pre–Sentence Investigation report, which indicated that Appellant had a lengthy criminal history including a prior conviction on three counts of receiving stolen property, forgery and theft in 2009, as well a conviction in 2007 for drug trafficking; and the seriousness and recidivism factors, before deciding on a prison term.

**{¶40}** From our review, it appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. §2929.11.

**{¶41}** Based on the record, the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated Appellant's rights to due process under the Ohio and United States Constitutions in its sentencing of Appellant. Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

**{¶42}** Further, the Supreme Court of Ohio held in *State v. Hodge,* 128 Ohio St.3d 1, 2010–Ohio–6320:

**{¶43}** "For all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.

**{¶44}** The trial court in this case did not err in imposing consecutive sentences without applying R.C. 2929.14(E)(4) and 2929.41(A), and defendants such as Hodge, who were sentenced without application of the statutes are not entitled to resentencing. *Id.* at ¶ 39–40. *See*, *State v. Fry,* 5th Dist. No. 10CAA090068, 2011–Ohio–2022 at ¶ 16–17."

**{¶45}** Upon review, we find neither error as a matter of law in the trial court sentencing Appellant to consecutive sentences nor any abuse of discretion.

**{¶46}** Appellant's First Assignment of Error is overruled.

## II.

**{¶47}** In his Second Assignment of Error, Appellant argues that the sentence imposed by the trial court creates an unnecessary burden on State resources. We disagree.

**{¶48}** In this case, Appellant argues that essentially the trial court erred by not complying with the new sentencing law, House Bill 86, which did not come into effect until September 30, 2011, two days after Appellant was sentenced. Appellant urges this Court to consider the purposes of the new sentencing reforms in determining whether

his sentence is an unnecessary burden on state and local government resources. Appellant submits that under the new mandate a Court must use the minimum sanctions to accomplish the purposes and principles of sentencing without imposing an unnecessary burden on state or local government resources, as set forth in R.C. §2929.11, and amended by 2011 Am.Sub.H.B. No. 86.

{¶49} In *State v. Ober,* Second Dist No. 97CA0019, 1997 WL 624811 (Oct. 10, 1997), the Second District considered this same issue. In rejecting the argument, the court stated "Ober is correct that the 'sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.19(A). According to criminal law experts, this resource principle 'impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin & Katz, Ohio Felony Sentencing Law (1996–97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second-degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. *Id.*"

{¶50} The *Ober* court concluded, "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on *Ober* may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment." *Id.*

**{¶51}** Several other appellate courts, including our own, considering these issues have reached the same conclusion. *See, e.g.*, *State v. Hyland,* Butler App. No. CA2005–05–103, 2006–Ohio–339, 2006 WL 215052, ¶ 32; *State v. Brooks,* 10th Dist. No. 97APA–11–1543, 1998 WL 514111 (Aug. 18, 1998); *State v. Stewart,* 8th Dist. No. 74691, 1999 WL 126940 (Mar. 4, 1999); *State v. Fox,* 3rd Dist. No. 16–2000–17, 2001 WL 218433 (Mar. 6, 2001); *State v. Miller,* 5th Dist. No. 04–COA–003, 2004–Ohio–4636, 2004 WL 1945548. We agree with the reasoning of the *Ober* court and other courts considering this issue and find no merit to Appellant's argument.

**{¶52}** Further, R.C. 2929.13(A), in effect at the time of Appellant's sentencing provided, "[t]he sentence shall not impose an unnecessary burden on state or local government resources." However, "[t]he 2011 amendments to the sentencing statutes, which became effective September 30, 2011, have deleted this sentence." *State v. Saur,* 10th Dist. No. 10AP–1195, 2011–Ohio–6662, 2011 WL 6826861, fn. 1. Thus, the amended version of the sentencing statute does not require the sentencing court to consider the conservation principle set forth in former R.C. 2929.13(A). *Id.*

**{¶53}** Appellant's Second Assignment of Error is overruled.

**{¶54}** For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is affirmed

By: Wise, J.
Delaney, P. J., and
Hoffman, J., concur.

_____

_____

_____
                                                    JUDGES

JWW/d 0510

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                 :
                                           :
-vs-                                       :           JUDGMENT ENTRY
                                           :
JASON R. HOBBY                             :
                                           :
    Defendant-Appellant                :           Case No. 11 COA 41


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.

Costs assessed to Appellant.


                              _____


                              _____


                              _____

                                            JUDGES