[Cite as *State v. Peddicord*, 2013-Ohio-3398.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  7-12-24

     v.

MAURICE C. PEDDICORD, III,         O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Henry County Common Pleas Court
Trial Court No. 12 CR 0065

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   August 5, 2013


APPEARANCES:

    *Alan J. Lehenbauer*  for Appellant

    *John H. Hanna*  for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Maurice C. Peddicord, III, appeals the judgment of the Court of Common Pleas of Henry County, finding him guilty of two counts of gross sexual imposition and sentencing him to 10 years in prison. On appeal, Peddicord contends the trial court erred by: (1) finding him guilty based on insufficient evidence; (2) failing to merge his convictions for gross sexual imposition for the purposes of sentencing; and (3) imposing a mandatory sentence, a maximum sentence, and consecutive sentences. For the reasons that follow we affirm in part and reverse in part the trial court's judgment.

{¶2} On October 23, 2012, pursuant to a plea agreement, the State re-filed a Bill of Information alleging two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4)(C)(2), a felony of the third degree.[1] The Bill of Information arose from Peddicord's alleged sexual abuse of R.P., a three-year old female, while he was responsible for supervising her.

{¶3} Also on October 23, 2012, the trial court conducted a plea hearing. At the hearing, the State read the following statement of facts into the record:

> [I]n the County of Henry, in the State of Ohio, specifically in Napoleon, Ohio, as to Count One on or between June 14, 2012 and June 17, 2012 Mr. Peddicord, Maurice Peddicord, III, did engage in sexual contact with another person, in this case, [R.P.] who was at that time 3 years of age and therefore obviously less than 13 years of

---

[1] The original Bill of Information, filed October 22, 2012, alleged two counts of rape.

age and obviously not his spouse, the sexual contact involved as related by the victim, playing on the bed, on her bed, and "Yo" as she called [him] would be naked and would touch her with his penis in the area of her mouth and that it was yucky. As to Count Two on the dates, June 17, 2012 to June 20, 2012 again in the City of Napoleon, Henry County, Ohio, Mr. Peddicord did engage in sexual contact again with [R.P.] who was 3 years of age, that sexual contact being the touching of his penis in the area of her mouth or perhaps with her hands as well. I would indicate that I have marked as State's Exhibit 1 and would ask for its admission the DNA report from the bed on which these games were played showing semen that I believe the numbers are 1 in 2 quintillion 948[2] quadrillion [sic] to 1 that the semen came from either the defendant or his twin brother who was at that time incarcerated at CCNO facing other charges.[3] Again, on that count the victim was [R.P.] who was 3 years of age at the time and not the spouse of the defendant and we would move the admission of State Exhibit 1.

Plea Hearing Tr., p. 9-10. After the State read the statement of facts, the Court admonished Peddicord of his constitutional rights and advised him of a possible maximum sentence. Peddicord entered a plea of no contest for both counts of gross sexual imposition alleged in the Bill of Information. Subsequently, the trial court found him guilty on both counts.

{¶4} The trial court conducted a sentencing hearing for Peddicord on December 4, 2012. The State requested the court to impose the maximum sentence for Peddicord's conduct:

---

[2] Exhibit 1 shows that the actual number is 2 quintillion 982 quadrillion.

[3] We assume that the State misspoke and meant to say that the DNA report indicated the odds that the semen found on the victim's bed came from someone *other* than Peddicord or his twin brother were 1 in 2 quintillion 982 quadrillion.

> [I]n looking at the more serious verses [sic] the less serious, the age of the victim being a 3 year old at the time that the defendant committed these sexual assaults upon her, the victim having suffered serious physical and psychological harm as a result of the offense, and the offenders [sic] relationship, he was actually the caregiver for this child and abused that relationship by choosing to engage in sexual contact with her. This is a mandatory prison sentence because there was additional evidence other than simply the statement of the girl, there was semen found on the sheets of the little girls [sic] bed that was directly identified as the defendants [sic]. In the categories of less serious there aren't any that fit. The victim certainly did not facilitate the offense, there is no strong provocation here for what he did, there aren't any substantial grounds to mitigate the conduct of having sexual contact with a 3 year old and certainly the defendant can't in any way argue that he would not have expected that [sic] to cause any psychological harm to a 3 year old by engaging in sexual contact with that 3 year old child. Based upon that the State would recommend a sentence of 5 years on each count to be served consecutively to one another.

Sentencing Tr., p. 7.

**{¶5}** Peddicord argued for a more lenient sentence, noting that recidivism was less likely since he had no prior juvenile or adult record, and had led a law abiding life for a significant number of years until this incident. Peddicord also noted how he took responsibility for his actions through his plea and spared R.P. and her family from going through "further turmoil." *Id*. at 8.

**{¶6}** In making its sentencing determination, the trial court considered "all those factors as set forth in 2929.11 and 2929.12 of the Revised Code in addition to 2929.14 of the Revised Code." *Id*. It also noted Peddicord's lack of a criminal history, the "heinous" nature of the crimes, and Peddicord's lack of remorse.

Based on these considerations, the trial court sentenced Peddicord to a prison term of five years for each count, to be run consecutively, for a total of 10 years.

**{¶7}** Peddicord filed this timely appeal, presenting the following assignments of error for our review.

### Assignment of Error No. I

**TRIAL COURT ERRED IN FINDING APPELLANT GUILTY PURSUANT TO THE NO CONTEST PLEA AS THERE WAS INSUFFICIENT EVIDENCE PRESENTED TO FIND APPELLANT GUILTY OF THE TWO CHARGES FOR GROSS SEXUAL IMPOSITION.**

### Assignment of Error No. II

**THE TRIAL COURT COMMITED PLAIN ERROR IN FAILING TO MERGE COUNT ONE WITH COUNT TWO OF THE BILL OF INFORMATION FOR SENTENCING PURPOSES OR AT LEAST IN FAILING TO CONDUCT AN ALLIED OFFENSES OF SIMILAR IMPORT ANALYSIS PRIOR TO SENTENCING THE APPELLANT.**

### Assignment of Error No. III

**THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE AND/OR CONSECUTIVE SENTENCES FOR APPELLANT'S CONVICTIONS FOR TWO COUNTS OF GROSS SEXUAL IMPOSITION.**

### Assignment of Error No. I

**{¶8}** In his first assignment of error, Peddicord contends that his convictions are supported by insufficient evidence. He further argues that the

prosecutor's statement of facts negated an essential element of gross sexual imposition. We disagree.

*Standard of Review*

**{¶9}** When an appellate court reviews the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, ¶ 47. Sufficiency is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, the question of whether the offered evidence is sufficient to sustain a verdict is a question of law. *State v. Wingate*, 9th Dist. Summit No. 26433, 2013-Ohio-2079, ¶ 4.

*No-Contest Pleas*

**{¶10}** Under Crim.R. 11(B)(2), a no-contest plea "is not an admission of [a] defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." The Ohio Supreme Court has held that, "when an indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio

-6-

St.3d 582, 583 (1998). Therefore, an "appellant is foreclosed from challenging the factual merits of the underlying charge" after pleading no contest to a bill of information. *Id*. at 584.

{¶11} In *State v. Lichtenberger*, 3d Dist. Van Wert Nos. 15-02-13, 15-03-03, 2003-Ohio-1581, the defendant pleaded no contest to one count of gross sexual imposition and one count of pandering obscenity involving a minor. He later appealed to this court, contending that the trial court erred in finding that the State's statement of the facts contained sufficient evidence for the court to find him guilty. Count two of the appellant's indictment read:

> On or about the 26th day of November 2001 in Van Wert County, Ohio, Aron D. Lichtenberger did have sexual contact with another who is not the spouse of the offender or cause another, not the spouse of the offender, to have sexual contact with the offender when the victim is less than thirteen years of age, whether or not the offender knows the age of the victim.

*Id*. at ¶ 9. We found that this language in the indictment mirrored the language of R.C. 2907.05(A)(4) and was sufficient evidence to find the defendant guilty.

{¶12} Similar language was used in this case. The State's Bill of Information reads as follows:

> Maurice C. Peddicord, III, the Defendant, on or between June 14, 2012 and June 17, 2012 did in this County violate Section 2907.05(A)(4)(C)(2) of the Ohio Revised Code, in that the said Maurice C. Peddicord, III did knowingly have sexual contact with another, not the spouse of the said Maurice C. Peddicord, III, and the

other person was less than thirteen years of age, whether or not the said Maurice C. Peddicord, III knew of the age of the other person.

\* \* \*

Maurice C. Peddicord, III, the Defendant, on or between June 17, 2012 and June 20, 2012, did in this County violate Section 2907.05(A)(4)(C)(2) of the Ohio Revised Code, in that the said Maurice C. Peddicord, III did knowingly, have sexual contact with another, not the spouse of the said Maurice C. Peddicord, III, and the other person was less than thirteen years of age, whether or not the said Maurice C. Peddicord, III knew of the age of the other person.

(Docket No. 2, p. 1-2).  As in *Lichtenberger*, the State's language mirrored that of the R.C. 2907.05(A)(4), which states:

(A)  No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more persons to have sexual contact when any of the following applies:

\* \* \*

(4)  The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

Due to the consistency between the State's Bill of Information and the language contained in R.C. 2907.05(A)(4), we follow *Lichtenberger*'s guidance and find that the Bill of Information contained sufficient evidence to support Peddicord's convictions.

{¶13} Peddicord also argues that the Bill of Information failed to establish the sexual contact happened on two separate incidents merely because there is an

overlapping date. We find this argument unconvincing. In the Bill of Information, the State adequately described two separate incidents where the sexual contact took place and Peddicord pleaded no contest to each separate incident. As stated above, he is precluded from taking a second bite at the apple and challenging the factual merits of the underlying charge.

{¶14} On appeal, Peddicord also maintains that an essential element of gross sexual imposition was negated by the prosecutor's statement of facts. Unlike a misdemeanor offense, the prosecution is not required to present a statement of facts when the trial court accepts a defendant's plea of no contest to a felony charge. *State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004, ¶ 6 (2d Dist.). However, if the prosecutor does present a statement of facts and those facts directly contradict the felony charged in the indictment by negating an essential element to the commission of the alleged offenses, the court cannot make a finding of guilty based on the charges alleged in the indictment. *Id.*

{¶15} Specifically, Peddicord argues that in its statement of facts, the State described the "sexual contact" as Peddicord touching R.P. "with his penis in the area of her mouth," Plea Hearing Tr., p. 9-10, which does not meet the definition of "sexual contact" as defined by the Ohio Revised Code. "Sexual contact" is defined as "touching of an erogenous zone of another, *including without limitation* the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for

the purpose of sexually arousing or gratifying either person. (Emphasis added.) R.C. 2907.01(B). Since R.C. 2907.01(B) contains the phrase, "including without limitation," it is reasonable to conclude "that the legislature intended that body parts that are not traditionally viewed as erogenous zones, may, in some instances, be considered erogenous zones." *State v. Miesse*, 2d Dist. Clark No. 99-CA-74 (Aug. 18, 2000).

{¶16} Indeed, Ohio courts have typically found that the list of erogenous zones in R.C. 2907.01 is a non-exhaustive list. *See State v. Stair*, 12th Dist. Warren No. CA2001-03-017 (Jan. 14, 2002) (finding that victim's hips constituted an erogenous zone); *Miesse*, *supra* (holding that the defendant's kissing, touching, and blowing of the victim's stomach was sexual contact); *State v. Young*, 4th Dist. Athens No. 96CA1780 (Aug. 15, 1997) (holding that touching a victim's buttock through her clothing constituted sexual contact); *State v. Watkins*, 10th Dist. Franklin No. 92AP-1546 (May 4, 1993) (finding that the rubbing of the back of the victim's leg was sexual contact).

{¶17} In *State v. Risch*, 3d Dist. Wyandot No.16-10-14, 2011-Ohio-3633, the defendant appealed a judgment finding him guilty of multiple sex offenses. *Risch* at ¶ 1. The first count of Risch's indictment alleged that Risch had sexual contact with TNF. *Id*. at ¶ 6. During the trial, TNF testified that Risch had grabbed her wrist and forced her hand to touch his genitals. *Id*. at ¶ 7. We found

that this testimony was sufficient evidence to support the defendant's gross sexual imposition conviction. *Id.* Further, in *State v. Tate*, 8th Dist. Cuyahoga No. 98221, 2013-Ohio-370, the court held that both the defendant's touching of the victim's genitals and forcing of the victim to touch his genitals constituted sexual contact. *Id.* at ¶ 23. Similarly, in this case, Peddicord forced his genitals in the area of R.P.'s mouth. We find that this constitutes sexual contact as defined in R.C. 2907.01(B) and that the prosecutor's statement of facts did not negate an essential element of gross sexual imposition.

{¶18} Therefore, we overrule Peddicord's first assignment of error.

*Assignment of Error No. II*

{¶19} In his second assignment of error, Peddicord argues that the trial court erred when it failed to merge his gross sexual imposition convictions for sentencing purposes. We disagree.

*Standard of Review*

{¶20} Peddicord never raised the issue of merger at sentencing. This failure results in a waiver of all but plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31. In order to have plain error under Crim.R. 52(B) there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Plain error is to be used "with the utmost caution,

under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 431 (1997). The Ohio Supreme Court has held that the "imposition of multiple sentences for allied offenses of similar import is plain error." *Underwood*, 124 Ohio St.3d at ¶ 31.

*Allied Offenses of Similar Import*

{¶21} It is well established that multiple violations of the same statute do not constitute allied offenses of similar import under R.C. 2941.25(A). *State v. Brewster*, 1st Dist. Hamilton Nos. C-030024, C-030025, 2004-Ohio-2993, ¶ 81 ("[M]ultiple violations of the same statute are not allied offenses of similar import, and a defendant may be sentenced for each violation."); *State v. Douse*, 140 Ohio App.3d 42, 45 (8th Dist. 2000) ("These two paragraphs of R.C. 2941.25 express the legislative intent that (1) multiple offense violations of the same statute do not constitute allied offenses of similar import and (2) a defendant may be sentenced on multiple violations of the same statute."); *State v. Garcia,* 3d Dist. Putnam No. 12-95-4 (Feb. 22, 1996); *accord State v. McClellan*, 4th Dist. Meigs No. 451 (Jun. 27, 1991) ("Since the common law doctrine of merger did not apply to multiple violations of the same statute, its direct progeny, R.C. 2941.25, should not be interpreted to apply to multiple violations of the same statute.").

-12-

{¶22} Here, Peddicord pleaded no contest to two counts of gross sexual imposition. Based on this well-settled rule that multiple violations of the same statute are not allied offenses, we find that the trial court did not err in failing to merge Peddicord's convictions for the purposes of sentencing.

{¶23} Accordingly, we overrule Peddicord's second assignment of error.

*Assignment of Error No. III*

{¶24} For his third assignment of error, Peddicord contends that the trial court erred when sentencing him to the maximum sentence and sentencing him to consecutive sentences. Specifically, Peddicord argues that the trial court failed to sufficiently consider all factors required by law. Peddicord also challenges the trial court's imposition of a mandatory sentence. We agree in part and disagree in part.

*Mandatory Prison Sentence*

{¶25} On appeal, Peddicord argues that the trial court erred in issuing a mandatory prison sentence pursuant to R.C. 2907.05(C)(2). According to R.C. 2907.05(C)(2), a trial court is required to impose a mandatory prison term if either one of the following applies: (1) evidence other than the testimony of the victim was admitted, which corroborates the violation; or (2) the offender previously was convicted of or pleaded guilty to a violation of gross sexual imposition, rape,

felonious sexual penetration, or sexual battery and the victim of the previous offenses was less than thirteen years old. R.C. 2907.05(C)(2).

{¶26} Peddicord has no prior criminal history. Thus, at issue is whether evidence was offered that corroborates his gross sexual imposition convictions. Here, the State offered Exhibit 1 into evidence, which was a DNA analysis of the victim's bed sheet. The results showed that there was a 1 in 2 quintillion 982 quadrillion chance that the semen came from someone other than the defendant or his twin brother, who was incarcerated at the time the sexual contact took place. This evidence corroborates the allegation that Peddicord played "games" with R.P. on her bed and made sexual contact with her and satisfies the requirements of R.C. 2907.05(C)(2). As such, the trial court did not err in issuing a mandatory prison sentence.

*Maximum Sentence*

{¶27} Trial courts have full discretion to impose any sentence within the statutory range. *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122 ¶ 20. Since Peddicord was convicted of third degree felonies, the relevant range of prison sentence is between one and five years. R.C. 2929.14(A)(3)(a). "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law." *State v. Barrera*, 3d Dist. Putnam No. 12-12-01,

2012-Ohio-3196, ¶ 20. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is in a better position to judge the defendant's chances of recidivism and determine the effects of the crime on the victim. *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16.

{¶28} R.C. Chapter 2929 governs sentencing. When sentencing a felony offender, the trial court must consider R.C. 2929.11, which sets forth the overriding purposes of felony sentencing. In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). Further, R.C. 2929.11(B) requires that felony sentences not demean "the seriousness of the offender's conduct and its impact upon the victim" and be consistent with sentences imposed in similar cases. *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 24.

{¶29} The trial court must also consider the factors set forth under R.C. 2929.12(B), (C), (D), and (E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism, and "may consider any other

-15-

factors that are relevant to achieving those purposes and principles of sentencing." *State v. Hartley*, 3d Dist. Union No. 14-11-29, 2012-Ohio-4108, ¶ 31; R.C. 2929.12(A).

**{¶30}** The Ohio Revised Code does not mandate that the sentencing judge use specific language or make specific findings on the record when considering the applicable seriousness and recidivism factors. *State v. Arnett*, 88 Ohio St. 3d 208, 215 (2000); R.C. 2929.12. Where the record lacks sufficient reasons to justify the trial court's sentence, the reviewing court may find that the trial court erred. *State v. Hobby*, 5th Dist. Ashland No. 11COA41, 2012-Ohio-2420, ¶ 36. However, where the record supports the sentence, the trial court does not need to recite its reasoning on the record. *Id.*

**{¶31}** Here, the trial court sentenced Peddicord to the maximum sentence authorized by statute. At the sentencing hearing, the trial court acknowledged that it had considered the appropriate sentencing factors and the purpose behind the sentencing statutes.

> When I sit and think about what is an appropriate sentence in a case such as this, taking into consideration all those factors set forth in 2929.11 and 2929.12 of the Revised Code in addition to 2929.14 of the Revised Code. The Court looks at two primary purposes in felony sentencing and those are to protect the public from future crime and to punish the defendant for his conduct. These are heinous crimes and there is no showing of any remorse.

Sentencing Tr., p. 9. These statements demonstrate that the trial court properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶32} The record as a whole also supports the trial court's sentence. The Pre-Sentence Investigation Report ("PSIR") revealed that Peddicord was entrusted with babysitting R.P. at the time Peddicord made sexual contact with the victim, satisfying R.C. 2929.12(B)(6). Additionally, the PSIR recommended that Peddicord receive the maximum sentence. Finally, the trial court found that Peddicord presented a high risk to the community. Although Peddicord has no prior criminal record, the trial court was allowed to consider "any other relevant factors" as to the likelihood that Peddicord would recidivate. R.C. 2929.12(D). There is no indication in the record that Peddicord offered any sort of remorse for his crime, which is indicative of his likelihood to recidivate.[4] R.C. 2929.12(D)(5). Given all this evidence, the trial court's findings are supported by the record and the trial court's imposition of the maximum sentence was not clearly and convincingly contrary to law.

---

[4] Peddicord makes the argument that the trial court improperly considered his lack of remorse at the sentencing hearing because it is not a factor listed in R.C. 2929.12. However, R.C. 2929.12(D)(5) states that the trial court may consider whether "[t]he offender shows no genuine remorse for the offense." Further, R.C. 2929.12 states that the trial court "may consider any other factors that are relevant to achieving [the] purposes and principles of sentencing." R.C. 2929.12(A). Thus, Peddicord's argument is without merit.

*Consecutive Sentences*

**{¶33}** The revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings on the record, as set forth in R.C. 2929.14(C)(4), when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, the trial court must find that (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors set forth in R.C. 2929.14(C)(4)(a, b or c) applies. *Id.* Although the trial court stated that it considered the factors set forth in R.C. 2929.14, it did not make any of the three statutory findings that are required by R.C. 2929.14(C). The State does not dispute that the trial court erred in this regard. As such, we reverse the trial court's imposition of consecutive sentences and remand this matter so that the trial court can consider making the proper findings, if they so exist, for the imposition of consecutive sentences.

**{¶34}** Accordingly, we overrule Peddicord's third assignment of error insofar as it relates to the trial court's imposition of a mandatory and maximum sentence for his convictions. However, we sustain Peddicord's third assignment of error insofar as it relates to the trial court's imposition of consecutive sentences and remand this matter so that the trial court can consider making the necessary findings to support an imposition of consecutive sentences.

{¶35} Having found no error prejudicial to Peddicord in the first and second assignments of errors in their entirety and in the third assignment of error in part, but having found error prejudicial to Peddicord in the third assignment of error in part, we affirm in part and reverse in part the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**