**[Cite as *State v. Reed*, 2020-Ohio-4020.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,          CASE NO.  8-19-34

     v.

CODY JAMES REED,               O P I N I O N

     DEFENDANT-APPELLANT.

---

STATE OF OHIO,

     PLAINTIFF-APPELLEE,          CASE NO.  8-19-35

     v.

CODY JAMES REED,               O P I N I O N

     DEFENDANT-APPELLANT.

---

Appeals from Logan County Common Pleas Court
Trial Court Nos. CR 16 02 0066 and CR 17 07 0228

Judgment Affirmed in Part, Reversed in Part and Cause Remanded
in Case No. 8-19-34 and Judgment Affirmed in Case No. 8-19-35

Date of Decision:  August 10, 2020

---

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Sarah J. Warren* **for Appellee**

Case No. 8-19-35

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Cody James Reed ("Reed") appeals the April 30, 2019 judgment entries of sentencing of the Logan County Common Pleas Court. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court in case number CR-16-02-0066, assigned appellate case number 8-19-34, and affirm case number CR17-07-0228, assigned appellate case number 8-19-35.

{¶2} This genesis of this appeal is Reed's failure to successfully complete intervention in lieu of conviction ("ILC") as a result of a series of violations of the trial court's orders resulting in the trial court terminating Reed's ILC and imposing consecutive-prison sentences.

{¶3} On March 8, 2016, the Logan County Grand Jury indicted Reed in case number CR16-02-0066 on two criminal counts including: Count One of breaking and entering in violation of R.C. 2911.13(A), a fifth-degree felony, and Count Two of theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. (Case No. CR16-02-0066; Doc. No. 4).

{¶4} Reed appeared for arraignment and entered pleas of not guilty on March 11, 2016. (Case No. CR16-02-0066; Doc. No. 10).

{¶5} On August 24, 2016, Reed filed a motion for ILC.[1] (Case No. CR16-02-0066; Doc. No. 26). Thereafter and on November 30, 2016, the trial court

---

[1] Reed executed a speedy trial waiver in open court on August 29, 2019 which was file stamped August 30, 2016. (Case No. CR16-02-0066; Doc. No. 27).

-2-

granted Reed's motion for ILC under a negotiated-plea agreement. (Case No. CR16-02-0066; Doc. Nos. 33, 35). The trial court's judgment entry granting Reed's ILC ordered all criminal proceedings to be stayed and placed Reed under the intensive supervision of the Adult Parole Authority ("APA") (as if on community control) for a period not to exceed three years.[2] (Case No. CR16-02-0066; Doc. No. 35). The judgment entry was filed on December 1, 2016. (*Id.*).

{¶6} On April 14, 2017, the State filed a motion for revoke ILC after it was alleged that "[o]n or about April 7, 2017 [Reed] entered 250 Bentz, Lakeview, Ohio without the consent of the owner or person authorized to given consent" and thereafter was charged with "Failure to Control" a motor vehicle with heroin and drug paraphernalia "in [his] possession, or under [his] control."[3] (Case No. CR16-02-0066; Doc. No. 44). At his revocation hearing held on May 17, 2017, Reed waived his right to an evidentiary hearing and entered an admission to the community control violation. (Case No. CR16-02-0066; Doc. No. 50). Thereafter,

---

[2] The trial court ordered that Reed abide by the terms and conditions of his treatment plan which included: 1) "complet[ing] his treatment program at [Consolidated Care Inc. ("CCI")]"; 2) "attend[ing] two [alcoholics anonymous-/narcotics-anonymous meetings] per week"; and 3) "follow[ing] any recommendations of the treatment provider including a residential treatment program." (Case No. CR16-02-0066; Doc. No. 35). Further, he was ordered to "abstain from the use of illegal drugs and alcohol, participate in treatment and recovery support services * * *, [and] submit to regular random testing for drug and alcohol use and participate in the probation incentive program." (*Id.*). In addition to the foregoing, Reed was ordered to pay the cost of prosecution and restitution in amount of $386.05. (*Id.*).

[3] "Deputies were dispatched [in reference] to a hit skip at 445 North Main Street, Lakeview, Logan County, Ohio. While en route, they were told the vehicle was located at 250 Bentz Street, Lakeview." (Case No. CR17-07-0228; Doc. No. 19). On arrival, the deputies discovered that Reed (the driver of the vehicle) had thrown three capsules containing heroin, drug paraphernalia, and his wallet inside of the front door of the residence at that address. (*Id.*). The victim (homeowner) told deputies that Reed had entered the residence without her permission, offered her $1,000 to say she was the driver of the vehicle, and began throwing the items described on the floor. (*Id.*).

the trial court determined that Reed had violated the terms of ILC, but permitted Reed's ILC to remain in effect with the following additional sanctions and conditions imposed: 1) Reed was ordered to participate in Adult Recovery Court ("ARC"), and 2) to pay the cost of the prosecution and fees under R.C. 2929.18(A) and 2947.23. (*Id.*). The trial court's judgment entry was filed on May 18, 2017.[4] (*Id.*).

{¶7} Thereafter, on July 11, 2017, the Logan County Grand Jury indicted Reed on criminal charges (stemming from the April 7, 2017 incident) in case number CR17-07-0228: Count One of possession of heroin in violation of R.C. 2925.11(A), a fifth-degree felony, and Count Two of trespass in a habitation in violation of R.C. 2911.12(B), a fourth-degree felony. (*See* Case No. CR16-02-0066, Doc. No. 44); (Case No. CR17-07-0228; Doc. Nos. 2, 19). On July 14, 2017, Reed appeared for arraignment and entered pleas of not guilty. (Case No. CR17-07-0228; Doc. No. 14).

{¶8} However, as a result of Reed's failure to comply with the orders of the APA in case number CR16-02-0066, a bench warrant was issued for Reed's arrest

---

[4] On June 8, 2017, Reed executed the ARC-Participation Agreement. (Case No. CR16-02-0066; Doc. No. 56). Reed was later granted work release on September 29, 2017. (Case No. CR16-02-0066; Doc. No. 57).

on November 1, 2017.[5] (Case No. CR16-02-0066; Doc. No. 58). Furthermore, Reed failed to appear for his change-of-plea hearing on November 3, 2017, in case number CR17-07-0228, so a second bench warrant was issued for his arrest on November 6, 2017.[6] (Case No. CR17-07-0228; Doc. No. 25, 26). Reed was apprehended on the bench warrants on February 6, 2018 and was served with the warrants in the Clark County Jail.[7] (Case No. CR16-02-0066; Doc. No. 62); (Case No. CR17-07-0228; Doc. No. 30).

{¶9} Thereafter and on February 20, 2018, the APA filed another request to revoke Reed's community control in case number CR16-02-0066. (Case No. CR16-02-0066; Doc. No. 64). At his revocation hearing held on March 9, 2018, Reed, once more, waived his right to an evidentiary hearing and entered an admission to the allegations in the affidavit. (Case No. CR16-02-0066; Doc. No. 74). The trial court determined that Reed had violated the terms and conditions of ILC, but again, chose not to revoke his ILC. (Case No. CR16-02-0066; Doc. No. 74). Instead, the

---

[5] Reed had previously tested positive for drug use on drug screens and had offered an adulterated-urine sample (which contained apple juice) for a drug screen on November 1, 2017. (Apr. 29, 2019 Tr. at 16). After being confronted by ARC and Family Treatment Court staff, he absconded. (*Id.*). It was determined that Reed had used alcohol on November 1, 2017, which was prohibited under the trial court's orders and the terms and conditions of his treatment plan. (*See* Case No. CR16-02-0066; Doc. Nos. 5, 64); (Mar. 28, 2019 Tr. at 6).

[6] Prior to Reed's apprehension on the bench warrants and on January 8, 2018, he used Fentanyl which was also prohibited under the trial court's orders and terms of and conditions of his treatment plan. (*See* Case No. CR16-02-0066; Doc. Nos. 35, 64); (Mar. 28, 2019 Tr. at 6).

[7] Reed was serving a 24-day jail term for falsification. (PSI).

trial court ordered ILC to continue, but committed him into a drug treatment program at West Central Community Correctional Facility ("CBCF").[8] (*Id.*).

{¶10} On March 9, 2018, Reed withdrew his pleas of not guilty in case number CR17-07-0228 and entered guilty pleas to the indictment under a negotiated-plea agreement. (Case No. CR17-07-0228; Doc. No. 37). The trial court accepted Reed's guilty pleas, found him guilty, and noted that a presentence investigation report ("PSI') was recently prepared in case number CR16-02-0066.[9] (*Id.*). Thereafter, the trial court ordered Reed's sentencing hearing be scheduled upon his release from the CBCF. (*Id.*). The judgment entry was journalized on March 14, 2018 in the trial court. (*Id.*). However, on September 4, 2018, the trial court vacated its judgment entry of conviction (in CR17-07-0228), and granted Reed leave to file a motion for ILC in that case.[10] (Case No. CR17-07-0228; Doc. Nos. 44, 48).

{¶11} Ultimately, Reed filed his motion for ILC and was placed on ILC in case number CR17-07-0228 on September 11, 2018. (Case No. CR17-07-0228;

---

[8] The trial court ordered Reed to successfully complete CBCF's program and any aftercare treatment recommended; that he pay the cost of the prosecution and fees under R.C. 2929.18(A) and 2947.23; that Reed pay for the legal services rendered by reimbursing Logan County for the approved-attorney's fees; that Reed be assessed for ARC upon his release from CBCF; and that he complete a treatment program with CCI including any referrals. (Case No. CR16-02-0066; Doc. No. 74). The judgment entry in case number CR16-02-0066 was filed on March 21, 2018. (*Id.*). Reed was later accepted into ARC in connection with case number CR16-02-0066 on September 17, 2018. (Case No. CR16-02-0066; Doc. No. 78).

[9] Reed executed a speedy-trial waiver in open court on March 9, 2018 which was file stamped on March 15, 2018. (Case No. CR17-07-0028; Doc. No. 38).

[10] Reed filed a motion for a referral and request for admittance and acceptance into ARC on September 5, 2018 as well as executed the ARC-Participation Agreement in case number CR17-07-0228. (Case No. CR17-07-0228; Doc. No. 46).

Doc. Nos. 48, 49). The judgment entry granting his ILC motion was filed on September 18, 2018. (*Id.*).

**{¶12}** Nevertheless, on February 28, 2019, the State filed a motion requesting Reed's ILC be suspended alleging his whereabouts were unknown. (Case No. CR16-02-0066; Doc. No. 79); (Case No. CR17-07-0228; Doc. No. 53). The trial court journalized a judgment entry suspending Reed's ILC and issued a bench warrant for his arrest in both his cases. (*Id.*); (*Id.*). On March 8, 2019, Reed was apprehended on the bench warrants in the Logan County Jail.[11] (Case No. CR16-02-0066; Doc. No. 82); (Case No. CR17-07-0228; Doc. No. 56).

**{¶13}** On March 14, 2019, the State filed a motion for revoke ILC after it was alleged that "[o]n or about March 14, 2019[, Reed] failed to complete[ ARC] as ordered by the Logan County Common Pleas Court."[12] (Case No. CR16-02-0066; Doc. No. 85); (Case No. CR17-07-0228; Doc. Nos. 59, 60). At his revocation hearing held on April 29, 2019, the trial court found that Reed had violated the terms of his ILC, terminated Reed's ILC, and entered its findings of guilt as to Counts One and Two in both cases.[13] (Case No. CR16-02-0066; Doc. No. 92); (Case No. CR17-07-0228; Doc. No. 66).

---

[11] Reed had been arrested in Logan County and charged with operating a vehicle under the influence of alcohol or drugs-OVI on February 23, 2019 in Bellefontaine Municipal Court after fleeing a traffic stop and being located in a nearby basement where he was drug screened testing positive for THC and Fentanyl. (PSI).
[12] Reed was terminated from ARC unsuccessfully. (Case No. CR16-02-0066; Doc. No. 88); (Case No. CR17-07-0228; Doc. No. 62).
[13] The trial court further ordered the APA to prepare an updated PSI. (Case No. CR16-02-0066; Doc. No. 92); (Case No. CR17-07-0228; Doc. No. 66).

{**¶14**} On April 29, 2019, the trial court sentenced Reed in case number CR16-02-0066 to a 12-month prison term as to Count One and 90 days in jail as to Count Two. (Case No. CR16-02-0066; Doc. No. 92). The jail term ordered by the trial court in Count Two was ordered to be served consecutive to Count One.[14] (*Id.*). Further, the trial court sentenced Reed in case number CR17-07-0228 to a 12-month prison term as to Count One and 18-month prison term as to Count Two with Count Two ordered to be served *consecutive* to Count One.[15] (Case No. CR17-07-0228; Doc. No. 67). Lastly, the trial court ordered the prison terms in case number CR17-07-0228 to be served consecutively to the prison *and* jail terms imposed in case number CR16-02-0066. (*Id.*). The judgment entries were filed on April 30, 2019. (Case No. CR16-02-0066; Doc. No. 92); (Case No. CR17-07-0228; Doc. No. 67).

{**¶15**} Reed filed his notices of appeal on July 5, 2019, which we have consolidated for the purpose of this appeal.[16] (Case No. CR16-02-0066; Doc. No. 102); (Case No. CR17-07-0228; Doc. No. 82). He raises two assignments of error for our review, and for ease of discussion, we will address those assignments of error together.

---

[14] The trial court then determined that Reed was entitled to 311 days' jail-time credit. (Case No. CR16-02-0066; Doc. No. 92).

[15] The trial court further determined that Reed was entitled to 0 days' jail-time credit in case number CR17-07-0228. (Case No. CR17-07-0228; Doc. No. 67).

[16] We note Reed's former-appellate counsel filed a brief and motion for leave to withdraw from representation under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). We ultimately concluded that the appeal was not "'wholly frivolous' and lacking of any legal points with at least arguable merit to raise on appeal." (Case No. CR16-02-0066; Doc. Nos. 111, 112). We granted appellate counsel leave to withdraw, appointed new appellate counsel under Loc.R. 8, and ordered the newly appointed counsel to address the arguable issue identified by this court (i.e., Assignment of Error I). (*Id.*).

**Assignment of Error I**

**The Trial Court Erred In Ordering That The Misdemeanor Theft Count Be Served Consecutive To The Felony Counts In Contravention To State Law [sic]**

**Assignment of Error II**

**The Trial Court Erred By Making No Findings On The Record Regarding Appellant Serving The Term Of Years Consecutive [sic]**

{¶16} In his first assignment of error, Reed argues that the trial court erred by imposing consecutive sentences in case number CR16-02-0066.  Specifically, that the misdemeanor-jail term (as to Count Two) which the trial court ordered to be served consecutive to his prison term (as to Count One) is contrary to law under R.C. 2929.41(A).  In his second assignment of error, Reed argues that the trial court erred in ordering maximum, consecutive sentences as to the felony convictions in case number CR16-02-0066 (as to Count One) and CR17-07-0228 (as to Counts One and Two) under R.C. 2929.14(C) by failing to make the necessary findings before imposing consecutive sentences.

*Standard of Review*

{¶17} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002,

¶ 1. *See State v. Jung,* 8th Dist. Cuyahoga No. 105928, 2018-Ohio-1514, ¶ 14 (applying the standard of review set forth in R.C. 2953.08(G)(2) to review a sentence imposed after the defendant's community control was revoked). *See also State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 11, (concluding that a community-control-revocation hearing is a sentencing hearing for the purposes of R.C. 2929.19(A) and Crim.R. 32(A)(1)). Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶18} R.C. 2929.41(A) provides in its pertinent parts:

> *Except as provided in division (B) of this section, division (C) of section 2929.14, \* \* \* a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.*

(Emphasis added.) R.C. 2929.41(A). Reed's conviction under Count Two in case number CR16-02-0066 is a misdemeanor and is not one of the enumerated exceptions under R.C. 2929.41(B)(3), which permits the trial court to impose a jail term or sentence of imprisonment for a misdemeanor violation. Thus, R.C.

2929.41(A) is applicable and requires a concurrent sentence under the facts presented. Accordingly, based on our review of the record, the trial court's sentence in CR16-02-0066 is contrary to law. As such, the April 30, 2019 judgment entry of sentence in case number CR16-02-0066 of the Logan County Common Pleas Court is reversed as to the sentence imposed in Reed's misdemeanor conviction, and we remand this portion of the appeal to the trial court for further proceedings consistent with this opinion.

{¶19} Next, we address Reed's assertion that the trial court's sentence (of consecutive sentences in prison) is contrary to law because the trial court failed to make the necessary findings before imposing consecutive sentences. Revised Code 2929.14(C) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of

the course of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶20} Revised Code 2929.14(C)(4) requires the trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶21} The trial court must state the required findings at the sentencing hearing when imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶22}** Here, the trial court stated its findings in open court at Reed's sentencing hearing. (Apr. 29, 2019 Tr. at 23-24, Doc. No. 110). Specifically, the trial court stated:

[Trial Court]: [w]e must now concern ourselves with why consecutive sentences. I am going to order that the case ending in 28 be served consecutive to one another; that is, Counts 1 and 2 will be consecutive to one another and will be consecutive to the sentence announced in 66. The reason for that is because these are necessary to punish the offender and protect the public from his future crime. Also, the Court notes that his behavior has been spiraling and he now poses a danger to the public. One cannot help but notice that many of these offenses were committed while he was already on some sort of community control, treatment in lieu of conviction, and that the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public.

(*Id.*). *See* R.C. 2929.14(C)(4)(a), (c). Later, the trial court incorporated those findings into the sentencing entries. (Case No. CR16-02-0066; Doc. No. 92); (Case

Case No. 8-19-35

No. CR17-07-0228; Doc. No. 67). As such, the record reveals the trial court did not err by imposing consecutive-felony-prison terms in the cases before us. Accordingly, Reed's second assignment of error is overruled.

{¶23} Having reviewed the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County in case number CR16-02-0066, assigned appellate case number 8-19-34, is affirmed in part and reversed in part, and the matter is remanded for further proceedings in accordance with this opinion.

{¶24} However, having found no error prejudicial to the appellant herein in the particulars assigned and argued in case number CR17-07-0228, assigned appellate case number 8-19-35, we affirm the judgment of the trial court.

*Judgment Affirmed in Part, Reversed in Part and*
*Cause Remanded in Case No. 8-19-34 and*
*Judgment Affirmed in Case No. 8-19-35*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**

-14-