[Cite as *State v. Jewell*, 2021-Ohio-32.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                       CASE NO.  2-20-11

     v.

BRADLY J. JEWELL,                            O P I N I O N

     DEFENDANT-APPELLANT.

---

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2019 CR 0058

Judgment Affirmed

Date of Decision:   January 11, 2021

---

APPEARANCES:

    *Peter Galyardt* **for Appellant**

    *Reed D. Searcy* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Bradly J. Jewell ("Jewell") appeals the March 16, 2020 judgment entry of sentencing of the Auglaize County Common Pleas Court. For the reasons that follow, we affirm.

{¶2} On February 27, 2019, the Auglaize County Grand Jury indicted Jewell on thirteen criminal charges including ten counts of Rape, in violation of R.C. 2907.02(A)(1)(b), all first-degree felonies and three counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), all third-degree felonies. (Doc. No. 1). Jewell pled not guilty to the charges. (Doc. No. 11).

{¶3} On January 21, 2020, Jewell withdrew his pleas of not guilty and entered guilty pleas to the Gross-Sexual-Imposition counts of the indictment and entered guilty pleas to three counts of Rape, per a bill of information, under a negotiated-plea agreement.[1] (Doc. Nos. 61, 62, 63); (Jan. 21, 2020 Tr. at 3-7). The plea agreement also included a sentencing recommendation and the ten Rape counts in the original indictment, which carried potential life sentences were dismissed. (*See* Doc. No. 64). (Jan. 21, 2020 Tr. at 3-7, 40-42). The trial court accepted

[1] The State filed a bill of information with three counts of Rape in violation of R.C. 2907.02(A)(2), all first-degree felonies, pursuant to plea negotiations. (Doc. No. 61); (Jan. 21, 2020 Tr. at 3-7). Counts Nine, Ten, and Eleven of the indictment and Counts One, Two, and Three of the bill of information involved three different minor-child victims (two males ages 7 and 10 as well as a 3-year old female) all from different time frames. (Jan. 21, 20 Tr. at 35-39); (PSI).

Jewell's guilty pleas and ordered the preparation of a presentence-investigation report ("PSI"). (Doc. No. 64); (Jan. 21, 2020 Tr. at 40-42).

{¶4} On March 13, 2020, the trial court sentenced Jewell to 60-months in prison on each of the three Gross-Sexual-Imposition charges, two 11-year prison terms on the two Rape charges, and a 7-year prison term on the third Rape charge.[2] (Doc. No. 74). (Mar. 13, 2020 Tr. at 25-26). The two 11-year prison terms (in Counts One and Two) were ordered to run concurrently to one another. (*Id.*); (*Id.* at 27). The 7-year prison term (in Count Three) was ordered to be served consecutively to the 11-year terms. (*Id.*); (*Id.* at 27). Further, the trial court ordered the 60-month prison terms in Counts Nine, Ten, and Eleven to run consecutively to one another and consecutive to the prison terms in Counts One, Two, and Three for a total stated prison term of 33 years, 18 of which is mandatory. (*Id.*); (*Id.* at 28).

{¶5} Jewell timely filed his notice of appeal. (Doc. No. 90). He raises one assignment of error for our review.

**Assignment of Error**

**The trial court erred when it sentenced Bradly Jewell to a multiple-offenses consecutive sentence that is not clearly and convincingly supported by the record at each level of enhancement. R.C. 2929.14(C)(4); *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraphs one, two, and three of the syllabus; *State v. Gwynne*, 158 Ohio St.3d 279. 2019-**

---

[2] Jewell's prison terms as to his Rape charges are mandatory. (Doc. No. 74). (Mar. 13, 2020 Tr. at 25-26). Jewell was given 388 days' jail-time credit, determined to be a Tier III sex offender, ordered to register pursuant to that determination for life, and notified of his registration requirements. (Doc. No. 74). (*See* Mar. 13, 2020 Tr. at 13-14).

**Ohio-4761, 141 N.E.3d 169, ¶ 17. March 13, 2020 Sentence Tr. 26-28; March 16, 2020 Journal Entry.**

{¶6} In his assignment of error, Jewell argues that the record does not clearly and convincingly support the trial court's findings under R.C. 2953.08(G)(2), and therefore, his sentence is contrary to law.

*Standard of Review*

{¶7} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶8} Initially, we note, Jewell does not challenge the trial court's compliance with R.C. 2929.11 and 2929.12. Indeed, we conclude that the trial court appropriately indicated its consideration of these statutory sections prior to imposing sentence, and reiterated such findings in its sentencing entry. (Doc. No. 74); (Mar. 13, 2020 Tr. at 25). Further, the record is clear that the trial court's

sentences fall within the statutory range for the applicable felony degrees at issue under the facts before us. *See* R.C. 2929.14(A)(1) (2018) (current version at R.C. 2929.14(A)(1)(a)-(b) (2019)) ("For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years."); 2929.14(A)(3)(a) (2018) (current version at R.C. 2929.14(A)(3)(a) (2019)) ("For a felony of the third degree that is a violation of section * * * 2907.04 * * * the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.").

{¶9} Moreover, even though the trial court made the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4), Jewell argues that his sentence constitutes a prohibited *sentencing package*, and that the trial court was required to engage in a multi-leveled review of multiple consecutive sentences as set forth in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245 and *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761.[3]

{¶10} Sentence packaging is "a federal doctrine that requires the court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 5. In *Saxon*, the Supreme Court of Ohio rejected a sentence-packaging

---

[3] We decline to address Jewell's argument to the extent he relies upon *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, a plurality opinion of the Supreme Court of Ohio. *Gwynne*, although persuasive authority, is not binding on this court or anyone beyond the parties of that case since it failed to receive the support of the majority of the court. *See State v. Cassell*, 4th Dist. Highland No. 16CA15, 2017-Ohio-769, ¶ 17.

approach, finding the federal doctrine to have "no applicability to Ohio sentencing laws." *Id.* at ¶ 10. Under Ohio law, a sentencing court "must consider each offense individually and impose a separate sentence for each offense." *Id.* at ¶ 9, citing R.C. 2929.11 through 2929.19. A sentencing court thus "lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses." *Id.* Simply put, sentencing courts in Ohio may not impose a single "lump" sentence for multiple offenses. *Id.* at ¶ 8.

{¶11} Jewell's sentence-packaging argument is misplaced because the trial court considered each offense *individually* and imposed a *separate* sentence for each offense. (Doc. No. 74); (Mar. 13, 2020 Tr. at 25-27). *See* R.C. 2929.11 through 2929.19. Thus, the record does not support that the trial court imposed "only an omnibus sentence" for Jewell's convictions in violation of the sentence-packaging doctrine. *See Saxon* at ¶ 9.

{¶12} Next, we address Jewell's assertion that the record does not support the trial court's findings. Specifically, Jewell argues that his consecutive sentences were not clearly and convincingly supported by the record, and thus, contrary to law because the trial court imposed consecutive sentences (totaling 33 years) that exceeded the State's joint-sentencing recommendation (of 26 years). The crux of his argument centers around the trial court's decision to run the 7-year Rape-prison term (in Count Three) consecutive to the 11-year Rape-prison terms (in Counts One

and Two), rather than, running all of the Rape sentences concurrently to one another in conformity with the joint-sentencing recommendation. (*See* Doc. Nos. 61, 62, 63, 74); (Jan. 21, 2020 Tr. at 15, 21, 24-25); (Mar. 13, 2020 Tr. at 25-26).

{¶13} R.C. 2929.41(A) provides, in pertinent part: "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state * * *." R.C. 2929.14(C) states:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c) (2018) (current version at R.C. 2929.14(C)(4)(a)-(c) (2019)).

{¶14} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33, citing *Hites* at ¶ 11. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶15} Additionally, the trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶16} In the case before us, the trial court adhered strictly to the language of R.C. 2929.14(C)(4) when ordering its consecutive sentences as to the Rape-prison

terms. The following exchange that occurred in open court at Jewell's sentencing hearing demonstrates the trial court's compliance with R.C. 2929.14(C)(4):

[Trial Court]     The Court orders that,- first of all, the Court make findings that CONSECUTIVE service is necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the court also finds that at least two (2) of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two (2) or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the offender's conduct; and the Court also finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Mar. 13, 2020 Tr. at 27).

{¶17} Here, the record establishes that Jewell sexually abused three minor children on numerous occasions over the course of several years exploiting their vulnerabilities based on age, lack of knowledge, and inability to engage in self-protection. (*See* Doc. Nos. 1, 61); (Mar. 13, 2020 Tr. at 24). We conclude that this alone supports the trial court's findings as to a course of conduct under R.C. 2929.14(C)(4)(b). *See State v. Smith*, 2d Dist. Montgomery No. 28265, 2019-Ohio-5015, ¶ 72 ("defendant's repeated sexual abuse of the same minor victim amounted to a 'course of conduct' justifying consecutive sentences.").

{¶18} Under the facts presented, the trial court's consecutive sentence findings are supported by the record. Therefore, we conclude that there is not clear and convincing evidence that Jewell's sentence is not supported by the record or that his sentence is otherwise contrary to law. *Nienberg*, 2017-Ohio-2920, at ¶ 23.

{¶19} For these reasons, Jewell's sole assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**