[Cite as *State v. Moon*, 2014-Ohio-384.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99748**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERNEST L. MOON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553914

**BEFORE:** Rocco J., Boyle A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio   44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kerry A. Sowul
        Mahmoud Awadallah
        James M. Price
Assistant County Prosecutors
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Ernest L. Moon appeals from his consecutive sentences, arguing that the trial court failed to make the requisite statutory findings. We conclude that the trial court did not err in ordering consecutive sentences and so we affirm.

**{¶2}** The underlying incidents giving rise to the charges against Moon occurred in 1999 and involved a child victim. On February 11, 2013, Moon pleaded guilty to three counts of kidnapping (R.C. 2905.01(A)(4)), a first-degree felony; to three counts of rape with a sexually violent predator specification (R.C. 2907.02(A)(1)(b), 2941.148(A)), a first-degree felony; and to three counts of gross sexual imposition (R.C. 2907.05(A)(4)), a third-degree felony. The trial court indicated that the counts for gross sexual impositions would merge into the rape counts. Moon was advised that the rape counts carried life tails on them. The trial court also informed Moon that he could be subject to consecutive sentences. Moon indicated that he understood, and that he still wished to plead guilty.

**{¶3}** Moon appeared for sentencing on March 12, 2013. The victim (who was now an adult) appeared and gave an impact statement, as did the victim's father. The defendant made a statement in mitigation on his own behalf.

**{¶4}** Following these statements, the trial court informed Moon that because he had pleaded guilty to a sexually oriented offense and/or a child victim offense as set forth in R.C. 2950.01, he would henceforth be classified as a Tier III sex offender.

{¶5} Next, the trial court considered the sentencing factors. The trial court found that Moon had taken away the victim's innocence and destroyed her childhood. The record further indicated that on a previous occasion, Moon had pleaded guilty to sexual imposition where he had attempted the same plan or scheme on another minor victim. The trial court also noted that Moon's history in law enforcement had put him in a position of trust, and that he had betrayed that trust. According to the trial court, Moon's mitigating statement showed very little remorse for what he had done to the victim. After considering the need to protect the public, Moon's pattern of behavior, and his lack of remorse, the trial court determined that the maximum sentence was warranted: Moon was sentenced to ten years for each of the three kidnapping counts and to ten years to life for each of the three rape counts.

{¶6} The trial court next turned to the issue of consecutive sentencing. The trial court determined that consecutive sentences were warranted, bringing Moon's total sentence to sixty years to life. The trial court explained:

> In this case the Court does believe based upon this defendant's history, the defendant's conduct in this matter, the way he induced his victims, the age — twelve years old was the age of the victim in this case — that consecutive sentences are necessary to protect and punish.
>
> A consecutive sentence would not be disproportional given the nature of the this defendant's activity especially given the age and innocence of his victim in this case. The Court finds further that the harm caused to the victim in this matter and the attempted harm that we heard about through evidence presented is so great or unusual that a single term does not adequately reflect the seriousness of the conduct, and the Court does appreciate the fact that this defendant did accept responsibility for his acts. However, the Court does not believe at this point that that has any bearing on the sentence that I'm about to hand down.

Tr. 51–52.

**{¶7}** In his sole assignment of error, Moon asserts that the trial court erred because it failed to make the necessary findings required under R.C. 2929.14(C)(4) prior to imposing consecutive sentences.   We disagree.

**{¶8}** We will affirm a trial court's order for consecutive sentences if the trial court has made the requisite findings set forth in R.C. 2929.14(C)(4), and so long as the sentences are not otherwise contrary to law.   R.C. 2953.08(G)(2); *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 11.   Turning to the R.C. 2929.14(C)(4) factors, the trial court must first find that consecutive  sentences are "necessary to protect the public from future crime or to punish the offender."   Second, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."   Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶9}** Moon's brief asserts that the trial court failed to make the R.C. 2929.14(C)(4) findings, but Moon does not specify which finding the trial court failed to make. Moon's argument is vague — and with good reason. The trial court made every required finding before imposing consecutive sentences. First, the trial court found that consecutive sentences were necessary, both to protect the public from Moon and to punish Moon. Second, the trial court found that consecutive sentences "would not be disproportional given the nature of [Moon's] activity, especially given the age and innocence of his victim in this case." Tr. 52. Finally, the trial court found that multiple offenses were committed as part of one or more courses of conduct and that the harm caused by Moon was "so great or unusual that a single term does not adequately reflect the seriousness of the conduct." Tr. 51. This finding satisfied R.C. 2929.14(C)(4)(b).

**{¶10}** Moon pleaded guilty to and was sentenced for three separate incidents of rape and three separate incidents of kidnapping. The trial court found that, on the facts of this case, consecutive sentences were warranted. Moon is not entitled to a "volume discount" at sentencing just because these separate criminal acts were charged in the same indictment. *See State v. Wilson*, 8th Dist. Cuyahoga No. 99331, 2013-Ohio-3915, ¶ 20 (Rocco, J., concurring).

**{¶11}** The trial court made each finding required under R.C. 2929.14(C)(4). The sole assignment of error is overruled.

**{¶12}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR