[Cite as *State v. Redmond*, 2019-Ohio-309.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

       Appellee

v.

Charles Edward Redmond

       Appellant

Court of Appeals No. L-18-1066

Trial Court No. CR0201702987

**DECISION AND JUDGMENT**

Decided: February 1, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Sarah Haberland, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 22, 2018 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to a three-year term of incarceration

following appellant's conviction on one count of burglary, in violation of R.C. 2911.12, a

felony of the third degree.

{¶ 2} This offense occurred while appellant was on community control for prior felony convictions. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Charles Edward Redmond, sets forth the following two assignments of error:

> I. The trial court erred by abusing its discretion at sentencing, thus defendant is awarded appellate rights under R.C. 2953.08(A)(1)(a).
>
> II. The trial court abused its discretion at sentencing, by failing to consider all of the necessary factors under R.C. 2929.12.

{¶ 4} The following undisputed facts are relevant to this appeal. On November 15, 2017, appellant was indicted on one count of burglary, in violation of R.C. 2911.12, a felony of the first degree. This case arises from appellant's unlawful incursion into the Toledo area apartment of three female college students.

{¶ 5} The record reflects that appellant, who possesses an extensive criminal record, including prior felony convictions and related terms of incarceration, committed the instant offense while on community control resulting from prior criminal convictions.

{¶ 6} On February 5, 2018, pursuant to a voluntarily negotiated plea agreement, appellant pled guilty to a lesser, third-degree felony burglary offense, in violation of R.C. 2911.12.

2.

{¶ 7} On February 22, 2018, the same trial court judge to whom appellant remained on community control on the earlier conviction, sentenced appellant in the present case.

{¶ 8} The record reflects that the trial court judge thoroughly considered the evidence and relevant factors in the course of crafting the sentence in this case. The trial court stated in relevant part, "You committed this crime while you're on probation to me * * * You did four years for a conviction on rape. You now have been convicted of burglary. It just doesn't seem to me that you understand what it means to be a law-abiding citizen."

{¶ 9} The record further reflects that the trial court went on to convey, "I have considered your record * * * I have listened to the statements made, I have read victim impact statements * * * [C]onsidered the principles and purposes of sentencing * * * I've balanced the seriousness and recidivism factors * * * [I've] considered all factors."

{¶ 10} The trial court ultimately concluded, "I find that you are not amenable to community control and that prison is consistent with the purposes of [R.C.] 2929.11." Appellant was sentenced to a three-year term of incarceration. This appeal ensued.

{¶ 11} In the first assignment of error, counsel for appellant sets forth that appellant possesses the ability to pursue this appeal as a matter of right pursuant to R.C. 2953.08(A)(1)(a) given that appellant received the "maximum prison term allowed for the offense."

3.

**{¶ 12}** In response to the first assignment of error, appellee simply concurs that under the facts and circumstances of this case appellant is entitled to an appeal as a matter of statutory right.

**{¶ 13}** We find appellant's first assignment of error to be well-taken, while noting for clarity that the matter framed by appellant as the first assignment of error constitutes an uncontested assertion of appellant's statutory right to an appeal in this case.

**{¶ 14}** In appellant's second assignment of error, appellant maintains that the trial court improperly, unlawfully sentenced appellant. We do not concur.

**{¶ 15}** It is well-established that the proper scope of felony sentence review by Ohio appellate courts is set forth in R.C. 2953.08(G)(2). As such, an appellate court may decrease, increase, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly finds either that the sentence was based upon relevant statutory findings not supported by the record or it is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

**{¶ 16}** In support of appellant's second assignment of error, appellant unconvincingly suggests that the trial court improperly assessed the seriousness of the crime by viewing it as a more serious offense than appellant believes should have been the case.

**{¶ 17}** Appellant suggests that because the students who live in the apartment were not at home when appellant unlawfully entered the residence, that should operate to

4.

render the offense to be considered as not serious enough to justify the sentence imposed. We are not persuaded.

{¶ 18} The record reflects that appellant, while on community control for separate felony convictions, wore a mask, rubber gloves, and entered an apartment with a hammer where he had no legal right to be present.

{¶ 19} The record reflects, and the trial judge noted, convincing evidence such as the extent of appellant's prior criminal convictions, prior terms of incarceration, and prior terms of community control. Accordingly, the trial court correctly held that the prevailing interest in this case of protection of the public and the risk of recidivism weighed strongly in support of the disputed sentence.

{¶ 20} The record is devoid of any evidence, and appellant has failed to demonstrate, that the sentence underlying this case was based upon applicable statutory findings not supported by the record or was otherwise contrary to law. We find appellant's second assignment of error not well-taken.

{¶ 21} Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                 _____
                                                     JUDGE

Arlene Singer, J.                              _____

Thomas J. Osowik, J.                                   JUDGE
CONCUR.

                                                  _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.