[Cite as *State v. Collins*, 2022-Ohio-3872.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  1-22-29

    v.

DONALD L. COLLINS, III,            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No.  CR 2021 0195

Judgment Affirmed

Date of Decision:   October 31, 2022

APPEARANCES:

    *Linda Gabriele* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Donald L. Collins, III ("Collins"), appeals the March 24, 2022 judgment entry of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On July 14, 2021, the Allen County Grand Jury indicted Collins on seven counts: Counts One and Two of Rape in violation of R.C. 2907.02(A)(2), (B), first-degree felonies; Count Three of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony; Count Four of aggravated burglary in violation of R.C. 2911.11(A)(1), (B), a first-degree felony; Count Five of kidnapping in violation of R.C. 2905.01(A)(2), (C)(1), a first-degree felony; Count Six of kidnapping in violation of R.C. 2905.01(A)(3), (C)(1), a first-degree felony; and Count Seven of attempted murder in violation of R.C. 2923.02(A), 2903.02(A), (D), and 2929.02(B), a first-degree felony. On July 22, 2022, Collins appeared for arraignment and entered pleas of not guilty to the counts alleged in the indictment.

{¶3} On February 16, 2022, Collins withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Count Three and to (amended) Counts One, Two, Four, and Five. In exchange for his change of pleas, the State agreed to amend Count One to sexual battery in violation of R.C. 2907.03(A)(1), a third-degree felony; Count Two to attempted rape in violation of

R.C. 2923.02 and 2907.02(A)(2), a second-degree felony; Count Four to burglary in violation of R.C. 2911.12(A)(1), a second-degree felony; and Count Five of abduction in violation of R.C. 2905.02(A)(2), a third-degree felony. Further, as part of the agreement, the State agreed to dismiss Counts Six and Seven and the parties agreed that the offenses are not allied offenses of similar import. The trial court accepted Collins's guilty pleas, found him guilty, dismissed Counts Six and Seven, and ordered a pre-sentence investigation.

{¶4} On March 24, 2022, the trial court sentenced Collins to 60 months in prison on Count One, to a minimum term of 8 years in prison to a maximum term of 12 years in prison on Counts Two, Three, and Four, respectively, and to 36 months in prison on Count Five. (Doc. No. 38). The trial court ordered Collins to serve the prison terms consecutively for an aggregate sentence of a minimum of 32 years in prison to a maximum term of 36years in prison. The trial court also classified Collins as a Tier II sex offender.

{¶5} On April 22, 2022, Collins filed his notice of appeal. He raises one assignment of error for our review.

**Assignment of Error**

**The Maximum Sentence Imposed By The Trial Court Was Excessive And Contrary To Law.**

{¶6} In his sole assignment of error, Collins challenges the maximum sentences imposed by the trial court and challenges the trial court's order that he

serve the sentences consecutively. Specifically, Collins contends that his sentence is contrary to law because the trial court failed to consider the purposes and principles of felony sentencing when imposing his sentence. Further, Collins argues that the trial court erred by imposing consecutive sentences in this case without making the required findings under R.C. 2929.14(C)(4) and because the record does not support those findings.

*Standard of Review*

**{¶7}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** First, we will address Collins's argument challenging the maximum sentences imposed by the trial court for his sexual-battery, attempted-rape, felonious-assault, burglary, and abduction convictions. "It is well-established that the statutes governing felony sentencing no longer require the trial court to make

certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20.

{¶9} In this case, as second-degree felonies, attempted rape, felonious assault, and burglary carry a non-mandatory, indefinite sanction of two-years to eight-years of imprisonment. R.C. 2907.02(A)(2), (B), 2923.02(E), 2903.11(A)(1), (D)(1)(a), 2911.12(A)(1), (D), 2929.14(A)(2)(a), and 2929.144(B)(1). *See also* R.C. 2929.13(F). Further, as third-degree felonies, sexual battery and abduction carry a non-mandatory, definite sanction of 12-months to 60-months of imprisonment and of 9-months to 36-months imprisonment, respectively. R.C. 2907.03(A)(1), (B), 2905.02(A)(2), (C), and 2929.14(3). *See also* R.C. 2929.13(F).

**{¶10}** "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15. Because the trial court sentenced Collins to a minimum term of 8 years in prison to a maximum term of 12 years in prison as to his attempted-rape, felonious-assault, and burglary convictions, respectively, the trial court's sentence as to those convictions is within the statutory range and is appropriately calculated. Likewise, because the trial court sentenced Collins to 60 months in prison as to his sexual-battery conviction and to 36 months in prison as to his abduction conviction, the trial court's sentence as to those convictions falls within the statutory range.

**{¶11}** R.C. 2929.11 provides, in pertinent part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith*, 2015-Ohio-4225, at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct

and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

**{¶12}** "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

**{¶13}** At Collins's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Mar. 24, 2022 Tr. at 16-20); (Doc. No. 38). Nevertheless, Collins contends that the trial court abused its

discretion by sentencing him to a maximum term of imprisonment without considering "mitigating factors when imposing the maximum sentence." (Appellant's Brief at 13). Specifically, Collins contends that his sentence is contrary to law because "the factors that the trial court used to support its position did not rise to the level of negating the relevant mitigating factors." (*Id.*).

{¶14} Collins's argument is without merit. Importantly, the Supreme Court of Ohio recently directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶15} Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶16} In this case, the trial court concluded that Collins failed to overcome the presumption in favor of prison (as to Counts Two, Three, and Four) and that a prison term is consistent with the purposes and principles of felony sentencing. That is, after weighing the seriousness and recidivism factors, the trial court determined that Collins's conduct is more serious than conduct normally constituting sexual battery, attempted rape, felonious assault, burglary, and abduction and that he is likely to commit future crimes.

{¶17} In particular, assessing the seriousness of Collins's conduct, the trial court found that the victim suffered serious physical and psychological harm as a result of the offenses; that Collins's relationship with the victim facilitated the offenses; and that the victim was a family or household member at the time of the

violations. (Mar. 24, 2022 Tr. at 17); (Doc. No. 38). *See* R.C. 2929.12(B)(2), (6), (9). Applying the factors under R.C. 2929.12(C)—indicating that Collins's conduct is less serious than conduct normally constituting the offenses—the trial court acknowledged Collins's psychological history and history of alcohol abuse. (Mar. 24, 2022 at 17-18). However, the trial court ultimately found that none of the factors under R.C. 2929.12(C) applied in this case.

{¶18} Assessing whether Collins was likely to commit future crimes, the trial court found that Collins has a history of criminal convictions, that he has not responded favorably to sanctions previously imposed for those criminal convictions, and that he has demonstrated a pattern of alcohol abuse that is related to the offense. (Mar. 24, 2022 Tr. at 18); (Doc. No. 38). *See* R.C. 2929.12(D)(2)-(4). Specifically, the trial court found that Collins was convicted of a prior-felony offense in 2010, prior-misdemeanor offenses, and that he was "unsuccessfully terminated from different probationary [programs] and a drug court program." (Mar. 24, 2022 Tr. at 18). Applying the factors under R.C. 2929.12(E)—indicating that Collins is not likely to commit future crimes—the trial court found Collins shows genuine remorse for the offense. (Mar. 24, 2022 Tr. at 18); (Doc. No. 38). *See* R.C. 2929.12(F)(5).

{¶19} Thus, based on our review of the record, we conclude the trial court did not abuse its discretion by imposing a maximum-prison term even though Collins would have weighed the R.C. 2929.12 factors differently. Therefore,

because his sentence is within the sentencing range and the trial court considered the purposes and principles of felony sentencing set forth under R.C. 2929.11 and 2929.12, Collins's sentence is not contrary to law.

{¶20} Collins further argues that the trial court erred by imposing consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶21}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.* Further, the trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶22}** Here, Collins argues that the trial court "failed to make the necessary findings required by R.C. 2929.14(C)(4)" and that "the record 'clearly and convincingly' does not support the trial court's findings made pursuant to R.C. 2929.14(C)(4)." (Appellant's Brief at 15). Collins's argument is without merit.

Rather, based on our review of the record, we conclude that the trial court made the statutorily required findings before imposing consecutive sentences at Collins's sentencing hearing and incorporated those findings into its sentencing entry.

{¶23} Specifically, at Collins's sentencing hearing and in its sentencing entry, the trial court found that consecutive sentences are necessary to protect the public from future crime and to punish Collins. (Mar. 24, 2022 Tr. at 21); (Doc. No. 38). The trial court further found that consecutive sentences are not disproportionate to the seriousness of Collins's conduct and to the danger that he poses to the public. (*Id.*); (*Id.*). *Compare State v. Ray*, 8th Dist. Cuyahoga No. 107450, 2019-Ohio-1346, ¶ 37.

{¶24} As to the factors under R.C. 2929.14(C)(4)(a)-(c), the trial court found that "these multiple offenses were committed as part of a course of conduct" and that "the harm caused by these series of offenses is so great and unusual that no single prison term for any one of the offenses committed would adequately reflect the seriousness of [Collins's] conduct." (Mar. 24, 2022 Tr. at 22). *See* R.C. 2929.14(C)(4)(b). The trial court incorporated that finding into its sentencing entry by reciting the language of R.C. 2929.14(C)(4)(b). (*See* Doc. No. 38).

{¶25} Moreover, the trial court's imposition of consecutive sentences is supported by the record. Here, Collins pleaded guilty to five offenses in this case. In exchange for his change of pleas, the State agreed to dismiss two first-degree-

felony charges and amend four of the five charges to which Collins pleaded guilty. *Accord State v. Lough*, 2d Dist. Greene No. 2019-CA-66, 2021-Ohio-230, ¶ 11. Significantly, the State agreed to amend four first-degree felonies to lesser-degree felonies—that is, the State agreed to amend Counts One and Two of rape to sexual battery as a third-degree felony and to attempted rape as a second-degree felony, respectively; Count Four of aggravated burglary to burglary as a second-degree felony; and Count Five of kidnapping to abduction as a third-degree felony.

{¶26} Furthermore, at Collins's March 24, 2022 sentencing hearing, the trial court was provided with a lengthy statement in open court from the victim outlining Collins's conduct underlying the offenses in this case. Based on the victim's statement, it is evident that Collins committed the offenses as part of an ongoing course of conduct. *See State v. VanWinkle*, 2d Dist. Miami No. 2016-CA-25, 2017-Ohio-7642, ¶ 21. Likewise, based on the victim's detailed account of Collins's conduct, the trial court emphasized that it has "been doing this for a long time and [has] seen some horrendous events, horrendous terrible things that people do to other people" but that "[i]n terms of the type of offenses here that the defendant [pleaded] guilty to [sic] and was convicted of it's hard to imagine anything more serious." (Mar. 24, 2022 Tr. at 16-17). *See State v. Moon*, 8th Dist. Cuyahoga No. 99748, 2014-Ohio-384, ¶ 9. Therefore, the record supports the trial court's findings under R.C. 2929.14(C)(4).

{¶27} Accordingly, there is not clear and convincing evidence that the record does not support the trial court's findings under the relevant sentencing statutes or that Collins's sentence is otherwise contrary to law.

{¶28} Thus, Collins's assignment of error is overruled.

{¶29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/jlr**