**[Cite as *State v. Runion*, 2023-Ohio-254.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

KAISHA NIKOLE RUNION,

    DEFENDANT-APPELLANT.

CASE NO. 16-22-07

O P I N I O N

---

**Appeal from Wyandot County Common Pleas Court
Trial Court No. 21-CR-0079**

**Judgment Affirmed**

**Date of Decision: January 30, 2023**

---

**APPEARANCES:**

    *Howard A. Elliott* **for Appellant**

    *Eric J. Figlewicz* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Kaisha N. Runion ("Runion") appeals the judgment of the Wyandot County Court of Common Pleas, alleging that the trial court erred in the process of sentencing. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On July 21, 2021, Runion was indicted on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), both felonies of the third degree; one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the second degree; and one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree. Doc. 1.

{¶3} On May 18, 2022, Runion pled guilty to two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), both felonies of the fourth degree, and one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree. Doc. 18. The State then moved to dismiss the third count in the indictment. Doc. 18. On May 20, 2022, the trial court issued a judgment entry that accepted Runion's pleas and found her guilty. Doc. 19.

{¶4} On August 17, 2022, Runion appeared before the trial court for sentencing. Doc. 21. The trial court imposed prison terms for each of the three charges against Runion. Doc. 21. The trial court then ordered Runion to serve these three prison terms consecutively for an aggregate basic prison term of forty-eight

months. Doc. 21. The trial court then issued its judgment entry of sentencing on August 19, 2022. Doc. 21.

*Assignment of Error*

**{¶5}** Runion filed her notice of appeal on September 15, 2022. Doc. 28. On appeal, she raises the following assignment of error:

> **Although a Trial Court may make the required statutory findings as set forth in Ohio Revised Code Section 29.14(C)(4) [sic] imposing consecutive sentences, those findings must be supported by matters in the record and the failure to do so renders the sentence invalid and the same must be reversed and set aside and the matter remanded to the Trial Court for further proceedings.**

Runion asserts that the findings that the trial court made in the process of imposing consecutive sentences are not supported by the record.

*Legal Standard*

**{¶6}** "In order to impose consecutive sentences, a trial court is required under R.C. 2929.14(C)(4) to make certain findings for the record and to incorporate these findings into the judgment entry." *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 14. R.C. 2929.14(C)(4) reads as follows:

> **(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. *See State v. Collins*, 3d Dist. Allen No. 1-22-29, 2022-Ohio-3872, ¶ 21.

{¶7} "[T]he proper scope of felony sentence review by Ohio appellate courts is set forth in R.C. 2953.08(G)(2)." *State v. Redmond*, 6th Dist. Lucas No. L-18-1066, 2019-Ohio-309, ¶ 15. This section reads, in its relevant part, as follows:

> **(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for**

**resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**

**(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e)** *or (C)(4) of section 2929.14*, **or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**

**(b) That the sentence is otherwise contrary to law.**

(Emphasis added.) R.C. 2953.08(G)(2). Thus,

**[u]nder R.C. 2953.08(G)(2), an appellate court may reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'** *State v. Marcum*, **146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.**

*State v. Reynolds*, 3d Dist. Putnam No. 12-22-07, 2022-Ohio-4690, ¶ 7.

**Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86 (3d Dist.), ¶ 12, quoting *Cross v.*

*Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

**'[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.'** *Bonnell*[, *supra*,] **at ¶ 29. In other words, 'the consecutive nature of the trial court's sentencing should stand unless the record overwhelmingly supports a contrary result.' (Citation omitted.)** [*State v.*] *Withrow*, **[2016-Ohio-2884, 64 N.E.3d 553,] ¶ 39 [(2d Dist.)].**

*State v. Johnson*, 2d Dist. Montgomery No. 29475, 2022-Ohio-4629, ¶ 48.

*Legal Analysis*

{¶8} On appeal, Runion does not argue that the trial court failed to make the findings that are required under R.C. 2929.14(C)(4). Rather, she argues that the record does not support these findings. At sentencing, the trial court found that consecutive sentences were appropriate because Runion committed these offenses "as part of one or more courses of conduct and the harm caused by the two or more of the multiple offenses committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct." Tr. 13. *See* R.C. 2929.14(C)(4)(b).

{¶9} In this case, the indictment alleged that these offenses were committed on November 17, November 19, and November 20, 2020. Doc. 1. Further, the trial court considered the contents of a presentence investigation. Tr. 11. The trial court then stated the following before making the consecutive sentences findings:

> **Defendant has a minimal criminal history and yet she was involved in a large by Wyandot County standards enterprise to sell illegal drugs. When questioned, Defendant minimized her activity, deflects blame, claims lack of knowledge, all understandable, but her real attitude was captured in controlled buys where she's heard bragging about the variety of drugs she has and how she could be the customer's one stop shop. The drugs Defendant was selling hurt people. Making these drugs easily available feeds their additions, ruins their health, and dissuades them from seeking treatment. Being a part of a drug house also makes life miserable for your neighbors and the community.**

Tr. 12.  Having examined the materials in the record, we "can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the [required] findings * * *." *Bonnell*[, *supra*,] at ¶ 29.

{¶10} In summary, the trial court made the findings required under R.C. 2929.14(C)(4)(b).  We cannot clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).  *State v. Jessen*, 3d Dist. Auglaize No. 2-18-16, 2019-Ohio-907, ¶ 20.  Thus, Runion has not carried her burden on appeal.  Accordingly, her sole assignment of error is overruled.

*Conclusion*

{¶11} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Wyandot County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**